THOMAS V. O'NEILL *et al.* vs. JOSEPH M. DAVIS *et al.*

OCTOBER 26, 1940.

446

PER CURIAM. This is a petition for *certiorari* directed to the board of canvassers and registration in and for the city of Pawtucket. It seeks to quash the record and action of that board relating to its certification to the secretary of state of a certain list of nominations to be voted upon in a caucus of the republican party scheduled to be held in and for the fourth ward of said Pawtucket on October 1, 1940. The petitioners are nominees on a list of nominations for the offices of alderman, councilmen and members of the ward committee of the republican party for the fourth ward, as shown by nomination papers duly filed with the respondent board, to be voted upon in said ward caucus. Another or so-called "regular" list of nominations for these same offices, to be voted upon in said caucus, was filed with said board by the chairman of said ward committee. This list, signed apparently by four of the seven members of said ward committee, was filed as its choice of candidates in said caucus.

The respondent board, in due time, upon certain evidence before it, certified both of these lists of nominations to the secretary of state for the purpose of holding a caucus of the republican party in and for said ward on October 1, 1940. Accordingly said caucus was held at which the so-called "regular" list of nominations received a majority of the votes cast. No fraud is alleged.

The matter was first heard by us upon a citation to the petitioners to show cause chiefly why their petition should be

allowed to be filed and heard on its merits. At such hearing, after extensive arguments, we were induced to exercise our discretion, in permitting the petition to be filed and the writ to be issued, largely by representations of counsel for the petitioners. These representations were to the effect that certain written evidence from the fourth ward committee's chairman, relating to the so-called "regular" nominations and relied upon by the board, was not in fact filed with it at the time of its decision and action; and that this could be shown clearly, if an opportunity were given to the petitioners to file their petition and have it heard upon its merits.

Because of this challenge to the correctness of the record upon which the board acted, we permitted the petition to be filed and the writ of *certiorari* to be issued, so that we might examine for ourselves the board's records relating to the pertinent actions in question. The respondent board, pursuant to the writ, produced all of its records in question and the matter was further heard on its merits. At that hearing, it developed that the records of the board showed that certain written evidence from the chairman of the ward committee, referred to by petitioners' counsel at the previous hearing, was actually filed with the board and was considered by it at the meeting wherein the contested actions were taken. Counsel for the petitioners then admitted the error of his previous representations relating thereto.

The petitioners advance various contentions, all to the effect that the board was wholly without legal jurisdiction to accept the so-called "regular" list of nominations or to take any of the actions with reference thereto which are now questioned.

We have examined the records of the respondent board for ourselves and, after a careful consideration of the petition and arguments of counsel, we are of the opinion that the petitioners have failed to establish the validity of the con-

tentions which they have advanced and upon which they rely.

Accordingly the prayer of the petition for relief is denied and the writ heretofore issued is quashed. The papers and records of the respondent board of canvassers and registration of the city of Pawtucket are hereby ordered returned to said board.

*Morris Berick,* for petitioners.

*John A. O'Neill,* City Solicitor, for Pawtucket Board of Canvassers.

*William R. Goldberg, Harry J. Weisman,* for other parties.

